UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>MARCUS HOLMES,<br>    Defendant. | §<br>§<br>§    CRIMINAL ACTION NO:<br>§    3:23-CR-00085-E(1)<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Before the Court is the United States of America (the Government)'s Motion for Review and Revocation of Pretrial Release Order (Motion for Review), which seeks *de novo* review of (i) United States Magistrate Judge Charmaine G. Claxton's detention hearing—conducted May 12, 2023, in Memphis Tennessee—and (ii) Judge Claxton's corresponding pretrial release order. (ECF No. 7). On June 7, 2023, the transcript from the detention hearing was submitted into the record. (ECF No. 10). On June 17, 2023, the Government filed an opposed motion for leave to file a supplement to its Motion for Review, which the Court subsequently granted. (ECF Nos. 20, 21). On June 26, 2023, the Defendant responded to the Government's Motion for Review. (ECF No. 23). Having been fully briefed and for the reasons enumerated hereunder, the Court GRANTS the Government's Motion for Review and VACATES the pretrial order of release.

### I.  BACKGROUND

A grand jury indicted Defendant Marcus Holmes for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (ECF No. 1). This indictment is related to Defendant's alleged possession of a firearm that was found after a shooting occurred on September 10, 2022, at the Big T Plaza located in Dallas, Texas. Following his arrest, the

Government moved to detain Defendant. United States Magistrate Judge Claxton held a detention hearing on May 12, 2023.

At the hearing, the Government called ATF Special Agent Robert Groves as its sole witness, and the Court took judicial notice of the Pretrial Service's Report. Defendant called no witnesses, but proffered the following:

> Mr. Holmes has open gunshot wounds that need medical care at two points in his body, as well as being disabled. He is, although not currently working, he is -- he has been approved to receive disability. And that he has a residence or a location. He's a lifelong Memphian. And that he has his parents both involved in his life and that they would commit to transporting him and making sure that he is successful in appearing in the Dallas courtroom.

(ECF No. 10 at 34). Following argument from the Government, Magistrate Judge Claxton ordered that Defendant be released on bond and that he comply with certain conditions.

The Government appeals the denial of its motion to detain Defendant and the order releasing the Defendant in accordance with 18 U.S.C. § 3145(a), contending that Defndant presents a risk of flight and a risk to the safety of any other person and the community.

## II.   LEGAL STANDARD

An individual shall be released pending trial unless a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The court applies a preponderance of the evidence standard in deciding whether Defendant is a flight risk, *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985) ("[T]he judicial officer making [a determination as to flight risk] should apply the simple preponderance standard."), and applies a clear and convincing evidence standard to determine whether Defendant poses a danger to the community, 18 U.S.C. § 3142(f)(2)(B) ("The facts the judicial officer uses to support a finding ... that no condition or combination of conditions will reasonably assure the safety of any other person

and the community shall be supported by clear and convincing evidence."). 18 U.S.C. § 3142(g) details the factors that the court must consider when determining whether there is a condition or combination of conditions that will reasonably assure Defendant's appearance and assure the safety of any person and the community:

> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> **(2)** the weight of the evidence against the person;
>
> **(3)** the history and characteristics of the person, including--
> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. []

18 U.S.C. § 3142(g).

### III.   ANALYSIS

Following *de novo* review of the detention hearing, and having considered the statutory factors under § 3142(g)(1)-(4), the Court finds and concludes that the Government has met its applicable burden of proof to meet its burden to establish that no condition or combination of conditions will reasonably assure Defendant's appearance as required and the safety of any other person and the community.

*1) The Nature and Circumstances of the Offense Charged*

Demonstrably, the "offense charged is that [Defendant] was in possession of a firearm after having already been convicted of a felony." (ECF No. 10; *see* ECF No. 1). Defendant avers that "[u]nlawful possession of a firearm is not considered to be a violent felony." (ECF No. 23 at 8-9) (citing 18 U.S.C. § 924(e)). Defendant avers there is no "proof of nexus" between Defendant's non-violent offense charged and one or more of the six factors listed under § 3142(f). *See United States v. Byrd*, 969 F.2d 106, 110 (5th Cir. 1992) (explaining in discussion of a detention hearing that "the proof of a nexus between the non-violent offense charged and one or more of the six § 3142(f) factors is crucial."). Defendant summarizes the Big T Plaza shooting as one in which Defendant (i) was not the one who initiated the shooting; (ii) did not return fire; (iii) was shot twice; and (iv) was recovering from his injuries. (ECF No. 23 at 9).

However, the record contains evidence from Groves of Defendant's social media postings from "a couple of hours before the shooting" with the same firearm recovered after the shooting. Groves testified that—based on the investigation—the firearm matches video footage of the shooting, wherein Defendant possessed the firearm. It is undisputed that Defendant was with two other men during the shooting and that one of those two other men was shot and killed. Groves testified Defendant dropped a handgun that was in his possession as he attempted to run away from the shooting. The record contains discussion of Defendant's social media posts following the shooting, which include:

> Assume you take your last . . . breath. I told you that n**** wasn't straight. . . . *I'm so mad you made me put my gun down. I should have went with my first mindset.*

(ECF No. 10 at 12) (emphasis added).

> You n***** better get out of my inbox talking gangster about a chain and a watch *that police got*. I got a lot of guns and stress built up. *I don't think none of you*

> n***** *want to get in my way right now. This go for whoever. We can meet up and shoot it out*.

(ECF No. 10 at 12-13) (emphasis added).

Under these circumstances, the Court concludes this factor supports a finding that there is not a combination of conditions other than detention that will reasonably assure the safety of the community and Defendant's appearance at all court proceedings. *See* 18 U.S.C. § 3142(g)(1).

  2)  *The Weight of the Evidence Against the Person*

The weight of the evidence against Defendant is fairly significant. Defendant was injured in the shooting. Groves testified that Defendant's Facebook social media post depicted a firearm, which matched the firearm "that was recovered from the scene and seen on video footage in the possession of" Defendant. (ECF No. 10 at 11). Groves identified Defendant as pictured in other social media posts from the same Facebook account. Lastly, Groves testified to the social media posts, which appear to eulogize the decedent, confirm possession of a firearm, confirm intent to return fire, and continue to threaten the community in relation to a police investigation. (ECF No. 10 at 12-13). In light of this evidence discussed at the detention hearing, the Court concludes this factor supports a finding that there is not a combination of conditions other than detention that will reasonably assure the safety of the community and Defendant's appearance at all court proceedings. *See* 18 U.S.C. § 3142(g)(2).[1]

  3)  *The History and Characteristics of the Person*

The history and characteristics of Defendant further weigh in favor of detention. To this point, Defendant concedes:

> Mr. Holmes has criminal convictions for possession of marijuana, possession with intent to distribute marijuana, unlawful possession of a firearm and vandalism.
> . . . .

---

[1] Defendant concedes that the "[w]eight of the [e]vidence [a]gainst the [d]efendant is [s]trong." (ECF No. 23 at 13).

> While it is true that Mr. Holmes has been arrested for aggravated assault in the past, he has never been convicted of assault.
> . . . .
> The evidence before the Court of Mr. Holmes' character is that Mr. Holmes is a person who is lucky to be alive after surviving three different shooting incidents.

(ECF No. 23 at 11-12). The Government further introduced evidence of Defendant's social media posts that depict him making hand gesture(s) and discussing "G-D," in apparent reference to the Gangster Disciple street gang. (ECF No. 10 at 17-18). The government further introduced evidence of Defendant displaying hand signs, which the Government refers to as gang signs. (*See* ECF No. 7 at 9). Magistrate Judge Claxton explained during the detention hearing:

> [W]hat we have in Mr. Holmes' short adult life is that he has been engaged in a significant amount of violence, either on the giving end of it or the receiving end of it.
> . . . .
> There's a violation of bail conditions. Three bench warrants for failures to appear. And indeed, you know, we are talking about a relatively short period of time. This is -- we're talking about someone's entire adult life, basically, with all of this going on. And then finally, the shooting in Dallas.
> . . . .
> Mr. Holmes is just now 23 years old. . . . He doesn't have any employment[.] . . . . He dropped out of high school in the tenth grade. He's not bothered himself to obtain a GED in that time. Has never had verifiable employment. Rather than getting a job, his family just provides for him financially. Has been shot on three separate occasions and doesn't see the need to stay away from firearms.
> He doesn't have any connections to the charging district, which is the Northern District of Texas.
> . . . .
> I honestly do believe that Mr. Holmes poses a danger to the community.

(ECF No. 10 at 41-44).

In light of this evidence at the detention hearing, the Court concludes this factor supports a finding that there is not a combination of conditions other than detention that will reasonably assure the safety of the community and Defendant's appearance at all court proceedings. *See* 18 U.S.C. § 3142(g)(3).

> 4) *The Nature and Seriousness of the Danger to Any Person or the Community that Would Be Posed by the Person's Release*

As discussed above, the record contains evidence of Defendant's intent and willingness to possess firearms and shoot others—particularly and apparently those who "want to get in [his] way." (ECF No. 10 at 12-13). In light of the evidence from the detention hearing, the Court concludes this factor supports a finding that there is not a combination of conditions other than detention that will reasonably assure the safety of the community and Defendant's appearance at all court proceedings. *See* 18 U.S.C. § 3142(g)(4).

Thus, the Government has (i) shown by a preponderance of the evidence that Defendant is a flight risk and (ii) shown by clear and convincing evidence that Defendant poses a danger to the community in the context of the determination of whether Defendant shall be released pending trial. That is, the Government has met its burden for its appeal, review, and revocation of the pretrial release order. The Court concludes "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Accordingly, the Court GRANTS the Government's Motion for Review and VACATES the pretrial order of release.

## IV.   CONCLUSION

For the reasons discussed above, the Court VACATES the Magistrate Judge's pretrial release order and finds and concludes that Defendant Holmes should be DETAINED pending trial pursuant to 18 U.S.C. § 3142 because no conditions exist under which he could be released to reasonably assure the safety of the community. The Court therefore ORDERS that Holmes be held without bond pending trial. The Court ORDERS that Holmes be committed to the custody of law enforcement or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending

appeal. The Court ORDERS the United States Marshals service to deliver Holmes for all appearances in connection with the court proceedings in this criminal action. The undersigned further holds that Holmes should be afforded reasonable opportunity for private consultation with his counsel in accordance with 18 U.S.C. § 3142(i).

**SO ORDERED**.

Signed this June 29, 2023.

ADA BROWN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS